GARTON TOY CO. v. A. MECKY CO.

(Circuit Court of Appeals, Seventh Circuit. May 16, 1918. Rehearing Denied June 4, 1918.)

No. 2517.

PATENTS ⬅328—VALIDITY—INFRINGEMENT.

The Pursglove patent, No. 1,021,476, for a wheel hub for a child's velocipede, claim 3 of which specified a tubular hub member proper having on the end thereof a shoulder whose exterior is angular, and whose interior comprises an angular socket, etc., *held* valid, and not anticipated, and also infringed.

Appeal from the District Court of the United States for the Eastern District of Wisconsin.

Suit by the A. Mecky Company against the Garton Toy Company. From a decree for complainant, defendant appeals. Affirmed.

Suit to enjoin future infringement of claim 3 of patent No. 1,021,476, granted March 26, 1912, to appellee as the assignee of one William T. Pursglove.

F. E. Dennett, of Milwaukee, Wis., for appellant.

J. Bonsall Taylor and E. Hayward Fairbanks, both of Philadelphia, Pa., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The patent in suit deals with a wheel hub for a child's velocipede. The inventor in his application described his invention as:

"Consisting of a wheel hub having a barrel or hub member proper and cranks fitted thereto and adapted to be interlocked therewith, and bound together with a bolt common to said parts, forming a comparatively one-piece construction of less weight and expense than heretofore, the parts being adapted to be readily dismantled, for packing, storing and shipping, and as easily assembled."

Claim No. 3 the only one involved, is for the following combination (Figures, letters, and paragraphing ours):

"In a hub,

"1. A tubular hub member proper (*A*), same having on an end thereof a shoulder (*B*), whose exterior is angular, and whose interior comprises an angular socket (*C*).

"2. A crank (*F*), having on its horizontal limb (*G*) a nose (*H*), whose exterior is angular and is adapted to enter and interlock with said socket (*C*).

"3. A tightening bolt (*M*), adapted to pass through said crank (*F*), the nose thereof (*H*) and said hub member proper (*A*), and

"4. A spoke-carrying sleeve (*D*), which is interlockingly fitted on the exterior of said shoulder (*B*)."

It thus appears that the patent is for a combination of four elements, and while the claim does not refer to the presence of two shoulders at the opposite end of the wheel hub, or that there are two spoke-carrying sleeves, it is admitted that the elements described should be so construed. The asserted advance in the art represented by this invention was in response to a demand for a "take-apartable" crank wheel in a wire wheel velocipede in connection with the other elements mentioned.

The only oral testimony received on the trial came from the lips of appellee's president and mechanical expert. It appears that the construction immediately sprang into favor and in less than five years 330,-000 velocipedes of this construction were sold. Prior to this invention, the witness stated, manufacturers made a "solid crank, built in the wheel."

"The cranks were a part of the wheel, were put into the same when the wheel was assembled, and made it very cumbersome to manufacture and sell on account of having the cumbersome crank to handle, also necessitated quite a different line of machinery, and also made a very bulky package."

Appellant relies upon the prior art represented by various patents; the one to Will & Uebele, No. 219,551, granted August 29, 1878, being its leading citation. This patent dealt with a wheel with wooden spokes, a fact which the District Judge properly observed "of itself called for a construction of a hub fundamentally different." The one single claim of the patent reads:

"The combination with the wheel of a velocipede, of the box (B), angular shafts of the crank (C) and the rod (E), all parts being adapted to each other and to the standards of the wheel as set forth."

This patent is distinguishable from the one in suit, not only because made for a wooden wheel, but because the sleeve or box is not provided with shoulders. None were needed. Moreover, in the Will & Uebele velocipede, the cranks were not removable from the wheel until the wheel was removed from the fork. Element 4 in the claim under consideration is entirely absent in the Will & Uebele patent and no mechanical equivalent of element No. 1 exists.

The patent to Quinn, No. 1,579,770, also cited as an anticipation, is obviously distinguishable from the patent in suit. It covers numerous improvements in velocipedes, and only one claim is at all worthy of consideration. This patent also dealt with the wooden wheel velocipede, but entirely lacks both elements 1 and 4, and the crank shaft (C) is different from the one under consideration. Other citations need not be separately considered. Recognizing as we must that the claim is for a combination, serving a special purpose, and in view of its practical success, we conclude claim No. 3 is valid.

*Noninfringement.*—Appellant's structure, we think, was clearly an infringement and no extended discussion is necessary. The expert witness described the similarity as "absolute," and the District Court observed that "he did not believe there is a shadow of distinction" between the two products. Appellant's argument seems based upon the proposition that because it adopted an element from the prior art it did not infringe, ignoring the fact that appellee's patent is for a combination, only one element of which may have been thus taken from the prior art.

If appellant's finished product can be distinguished from appellee's hub, constructed under this patent, such distinction lies in the fact that the former substituted teats for flanges to stop any inward movement of the spoke-carrying sleeve. No doubt exists in our mind but that in this structure, under these conditions, the teats are the mechanical equivalent of the flange.

The decree is affirmed.