## GEORGE W. TRAVERS CO. v. A. MECKY CO.

(Circuit Court of Appeals, Third Circuit. January 5, 1921. Rehearing Denied March 2, 1921.)

### No. 2575.

Patents ⬤≈328—1,021,476, for wheel hub, valid and infringed.

The Pursglove patent, No. 1,021,476, for a wheel hub, for the front wheel of a child's velocipede, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Suit in equity by the A. Mecky Company against the George W. Travers Company. Decree for complainant, and defendant appeals. Affirmed.

Kenyon & Kenyon, of New York City (Alan D. Kenyon, of New York City, of counsel), for appellant.

J. Bonsall Taylor and E. Hayward Fairbanks, both of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

WOOLLEY, Circuit Judge. This is an appeal from an interlocutory decree holding valid and infringed claim 3 of Letters Patent No. 1,021,-476, issued to the plaintiff-appellee as assignee of William T. Pursglove, for a wheel hub. The claim of the patent here in suit has been held valid, and infringed by the same device, in a suit by the same plaintiff against Garton Toy Company in the District Court of the United States for the Eastern District of Wisconsin, affirmed by the United States Circuit Court of Appeals for the Seventh Circuit. 251 Fed. 629, 163 C. C. A. 623. As the invention has been described and discussed in the opinions of three courts, we shall give only in outline such of its elements as will bring to view the reasons for our judgment.

The patent relates to a front-wheel hub for a child's velocipede whose wheels are made of wire, whose price is small, and whose problem concerns a construction which admits of ease in knocking down its several parts for boxing in small compass for shipment and ease in reassembling and putting together the parts by persons unskilled in mechanics.

The claim of the patent in suit is for a simple device containing in combination four elements which, using the language of the patent, are described as follows:

"In a hub,

"(a) A tubular hub member proper, the same having on an end thereof a shoulder whose exterior is angular and whose interior comprises an angular socket (this is new);

---

"(b) A crank having on its horizontal limb a nose whose exterior is angular and is adapted to enter and interlock with said socket (this is old);

"(c) A tightening bolt adapted to pass through said crank, the nose thereof, and said hub member proper (this also is old); and

"(d) A spoke-carrying sleeve which is interlockingly fitted on the exterior of said shoulder" (this is new).

Limited to the structure disclosed, this little device, we think, contains invention, and the patent granted for it is valid, if not anticipated by the prior art.

The prior art on which the defendant mainly relies as anticipating the invention is found in Letters Patent No. 219,551 granted August 29, 1878, to Will & Uebele and in Letters Patent No. 301,247 granted July 1, 1884, to Latta. The first is for the hub member of a velocipede; the second for the hub member of a bicycle. Although it seems that neither reached the practical art, both are, nevertheless, in the art of the invention of the patent in suit.

The Will & Uebele invention discloses a wooden wheel with an ordinary wooden hub whose axial opening contains what is urged to be—and may be accepted as being—a rectangular tube into which the rectangular ends of cranks are seated, through all of which a tightening bolt is passed and held. We do not think the square or nearly square tube driven into the hub is the "tubular hub member proper" of the patent in suit. The hub member proper of Will & Uebele is the wooden hub and the interior tubing is nothing more than its bushing. If the wooden hub were removed from its bushing and the bushing left to form the hub member of the patent in suit, it would not function as such without reconstruction, and if reconstructed, it would not anticipate. The Will & Uebele wooden hub lacks the shoulder of the invention in suit and lacks also a spoke-carrying sleeve interlockingly fitted on such shoulder, for the reason, obviously, that in Will & Uebele, the hub, being a member of an unitary wooden wheel, there is no function for a shoulder, and, accordingly, no provision for a spoke-carrying sleeve. Clearly none is needed. Moreover, as pointed out by the Circuit Court of Appeals for the Seventh Circuit, in the Will & Uebele velocipede the cranks are not removable from the wheel until the wheel has been removed from the fork, a characteristic of the invention of Will & Uebele which is advantageously absent from the invention of the patent in suit.

In the invention of the Latta patent, the hub proper, the horizontal limbs of the cranks, and the spoke-carrying sleeve of the wheel are all tubular, and in this sense broadly cover like elements of the invention in suit; but the hub member of Latta is cylindric from end to end instead of being quadrangular on its interior as in Pursglove. Likewise Latta's cranks are cylindric instead of being quadrangular; and his spoke-carrying sleeve is internally tubular instead of being internally quadrangular. In Latta all these parts would in operation turn around and around upon each other but for a pair of keys or cotter pins which make a connection between the hub, cranks, and spoke-carrying sleeve and hold them together. These key or cotter pin connections, crossing the several members at an angle in the keyways, the defendant maintains, are equivalents of the external angular shoulder and internal angular sock-

et of the hub member, of the external angular nose of the crank, and of the spoke-carrying sleeve squared to conform to and interlock with the angular exterior of the shoulder of the hub in the invention in suit. The structure of the Latta device with its key or cotter pin connections, operating in a different way on members differently shaped,—though by producing an angle they prevent them from revolving one around the other and cause them to act together,—we do not regard as the equivalent of the parts of the device of the invention, which by their own angular shapes and without the aid of keys or pins prevent rotation and produce coaction.

Infringement is admitted if the patent is valid.

Being of opinion that the claim of the patent in suit is valid and infringed, we direct that the decree below be affirmed with costs.